**Gene Hal WILLIAMS, Appellee,**

v.

**John A. WILSON, III, as Adjutant General of West Virginia, Appellant.**

**No. 84–1956.**

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1985.
Decided May 16, 1985.

John E. Dorsey, Sp. Asst. Atty. Gen., Charleston, W.Va., for appellant.

Gene Hal Williams, Charleston, W.Va., for appellee.

Before RUSSELL, HALL and PHILLIPS, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge.

John A. Wilson, III, Adjutant General of West Virginia, appeals from a judgment order of the United States District Court for the Southern District of West Virginia directing him to restore Gene Hal Williams to the position in the West Virginia Army National Guard enjoyed by Williams prior to the decision of a selective retention board recommending Williams' separation from Guard service. Concluding that in no event should the district court have exercised jurisdiction in this controversy respecting military personnel affairs until available administrative procedures for its resolution had been exhausted, we vacate the judgment and remand for dismissal of the claim without prejudice.

I

In May 1984, Gene Hal Williams was a colonel in the West Virginia Army National Guard. Williams had been a commissioned officer in the active and reserve components of the United States Army for over 32 years, and from 1961 through 1968 had himself served as Adjutant General of West Virginia.

On May 7, 1984, Wilson, the current West Virginia Adjutant General notified Williams by letter that Williams and all other commissioned officers in the grade of colonel who had completed 20 years of service would be reviewed by a selective retention board (SRB). National Guard Regulation (NGR) 635–102 directs state adjutants general to convene selective retention boards in their respective jurisdictions to review for selective retention officers who have completed 20 years of qualifying service for retirement pay. The regulation also requires state adjutants general to report the recommendations of the SRBs to the National Guard Bureau.

Before any administrative follow-up on the notice of review had occurred, Williams filed suit in federal district court challenging the constitutionality of NGR 635–102 and moved for a temporary restraining order prohibiting Adjutant General Wilson from appointing and convening an SRB that included more than one active Army officer on the three-officer panel. After a hearing in the district court Williams withdrew this motion.

Thereafter, the SRB, composed of two active Army officers and one National Guard officer, convened and determined that Williams should be separated from the West Virginia Army National Guard.[1] Wil-

---

1. As a concomitant to this action, Williams' federally recognized status in the Army National Guard was also officially withdrawn.

liams was immediately informed of this decision and shortly thereafter filed a motion for a preliminary injunction in his pending federal action to prohibit Wilson from dismissing him from the West Virginia National Guard. Following a hearing, the district court granted the preliminary injunction, declaring the action of the SRB to be null and void on the basis that the composition of the board violated NGR 635–102. The court ordered the adjutant general to rescind his earlier order separating Williams and to restore Williams to his prior status.

This appeal followed.[2]

## II

In *Mindes v. Seaman*, 453 F.2d 197 (5th Cir.1971), the Fifth Circuit developed an approach that has since become widely accepted by the federal courts for determining whether particular actions of military authorities are properly reviewable by the civilian courts. The *Mindes* court noted that "traditional judicial trepidation over interfering with the military establishment has been strongly manifested in an unwillingness to second-guess judgments requiring military expertise and in a reluctance to substitute court orders for discretionary military decisions." *Id.* at 199.

Despite this traditional reluctance of courts to interfere in internal military decisions, however, the court also noted that judicial review of such decisions had been allowed in limited situations. The Fifth Circuit concluded that a court should not review internal military affairs "in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures." *Id.* at 201. A district court faced with a sufficient allegation

should then examine the substance of the allegation in light of the general policy of nonreview of military matters, weighing four policy considerations in its determination of justiciability: (1) the nature and strength of the plaintiff's challenge to the military determination; (2) the potential injury to the plaintiff if review is refused; (3) the type and degree of anticipated interference with the military function; (4) the extent to which the exercise of military expertise or discretion is involved. *Id.* The Fifth Circuit determined that the allegation of the Air Force captain in the *Mindes* case was sufficient to withstand a motion to dismiss on the pleadings, in light of the claimed violation of due process in the captain's separation from active service and the exhaustion of the captain's intraservice remedies, but vacated the judgment of the district court and remanded for further proceedings balancing the four policy factors enunciated by the court of appeals.

In *Navas v. Vales*, 752 F.2d 765 (1st Cir.1985), the First Circuit recently applied the *Mindes* formula to a fact situation quite similar to that of the present case, and affirmed the district court's dismissal of the matter as a nonjusticiable military controversy. In *Navas* a member of the Puerto Rico National Guard (PRNG) was separated from that group after 34 years of service. Navas challenged the action of the selective retention board that recommended his separation, claiming *inter alia* that the board had not complied with NGR 635–102 when it acted on the basis of a personnel file that was lacking two officer efficiency reports.

Instead of pursuing the intraservice remedy available to him in the form of an appeal to the Army Board of Correction of Military Records (ABCMR) under 10 U.S.C. § 1552,[3] and Army Regulation (AR) 15–

---

**2.** The district court's order was stayed by this court pending the appeal.

**3.** 10 U.S.C. § 1552(a) provides in pertinent part: The secretary of a military department … acting through boards of civilians of the exec-

utive part of that military department, may correct any military record of that department when he considers it necessary to correct an error or remove an injustice.

185,[4] Navas filed suit in federal district court seeking declaratory and injunctive relief, mandamus and damages. In affirming the district court's dismissal of Navas' action, the First Circuit determined that it need not reach the balancing component of the *Mindes* formula due to Navas' failure to satisfy the threshold requirement of exhaustion of intraservice administrative remedies. The First Circuit wrote

The ABCMR is better equipped than the courts to resolve Navas' only viable claim: that his separation from the PRNG was not in conformity with NGR 635–102 and that the nonretention decision was, therefore, invalid as a matter of administrative law.... [The ABCMR] has far greater experience than this court in deciphering the content and effect of military regulations and should be permitted to exercise its expertise. Additionally, the issue of whether the asserted error was harmless is one that involves a review of the merits of the SRB's decision, *i.e.*, a determination of whether this military tribunal's decision was in error or unjust. This is a task for which the ABCMR was created.

752 F.2d at 769–70. *Accord Hodges v. Callaway*, 499 F.2d 417, 422 (5th Cir.1974). We agree with the *Mindes* and *Navas* courts in their approach to this problem of threshold justiciability.[5]

### III

Williams' federal claim is that the West Virginia National Guard violated its own NGR 635–102 when it empanelled in his case an SRB that included two active Army officers instead of one, and that his separation was therefore illegal and void. Thus Williams satisfied the first *Mindes* threshold requirement.

However, Williams failed to satisfy the second *Mindes* threshold requirement of exhaustion of available intraservice remedies. Instead of appealing the separation decision to the ABCMR pursuant to 10 U.S.C. § 1552 and AR 15–185, he sought injunctive relief from the federal district court even before any military administrative action affecting his status had occurred.

Under the *Mindes* and *Navas* analysis, Williams' failure to exhaust intraservice administrative remedies made his federal claim a nonjusticiable military controversy. *See Thornton v. Coffey*, 618 F.2d 686, 692 (10th Cir.1980) (national guardsman's race discrimination claim not justiciable in federal court where administrative remedies not exhausted). *See also Penagaricano v. Llenza*, 747 F.2d 55, 61 (1st Cir.1984). The proper action for the district court would have been to dismiss Williams' claim without prejudice as premature.[6]

The judgment of the district court is vacated and the action is remanded for disposition in accordance with this opinion. In view of this disposition we express no opinion on the correctness of the district court's substantive ruling.

VACATED AND REMANDED.

---

4. AR 15–185 establishes the Army Board of Correction of Military Records pursuant to 10 U.S.C. § 1552 and provides for its operation. AR 15–185 § 1(1) provides "this regulation is applicable to the Army National Guard and the U.S. Army Reserve."

5. *But cf. Bluth v. Laird*, 435 F.2d 1065 (4th Cir.1970) (justiciability of claimed violation of military regulations assumed where intraservice administrative remedies exhausted).

6. While the ABCMR lacks authority to order the West Virginia Army National Guard to reinstate Williams were it to find in his favor, it would have the power to correct Williams' federal records to show that his federal recognition has not been withdrawn, reinstate Williams in a comparable active federal reserve status, restore his pay and order compensatory back pay. *Penagaricano v. Llenza*, 747 F.2d at 57; *Navas v. Vales*, 752 F.2d at 770. If there is no West Virginia state administrative remedy available to Williams as a matter of right and the ABCMR were to find in Williams' favor, a refusal by the West Virginia National Guard to reconsider Williams' claims in light of a favorable ABCMR determination might give rise to a sufficiently compelling need for a court to undertake review of his claim under the *Mindes* formula. *Id.* However, we leave that question to another day, and, as indicated, venture no opinion on the merits of his claim wherever asserted.