Leroy F. **FURMAN**

v.

Donald E. **EDWARDS, Individually and in his official capacity as Adjutant General of the Vermont Army National Guard and the State of Vermont.**

Civ. A. No. 87–66.

United States District Court,
D. Vermont.

April 16, 1987.

---

Mark L. Sperry, Langrock, Sperry, Parker & Wool, Burlington, Vt., for plaintiff.

William B. Gray, Sheehey, Brue, Gray & Furlong, Burlington, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

On March 23, 1987, defendants filed with this Court a motion to dismiss under Fed.R. Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff opposed the motion on April 8, 1987. For the reasons discussed below, the motion is GRANTED, and the complaint is dismissed without prejudice.

Plaintiff was a member of the Vermont Army National Guard from 1955 until October 1986, having attained the rank of Lieutenant Colonel. In 1985, although recommended for promotion to colonel by the Reserve Components Personnel and Administration Center Selection Board, plaintiff was not promoted to colonel despite the existence of an unfilled vacancy. As a result of this nonpromotion, plaintiff's association with the Guard was terminated in August 1986. Plaintiff claims that both the decision not to promote him and the decision not to retain him in the Guard were taken without notice to plaintiff or any opportunity to be heard, in violation of due process. He therefore brings suit under 42 U.S.C. § 1983 for violation of the due process clause of the United States Constitution and for violation of the Vermont Constitution, seeking reinstatement, back pay, and declaratory judgment on the validity of the Guard's procedures.

Defendants suggest two reasons why this Court should dismiss this action. First, they assert that this case involves a nonjusticiable military controversy over which the Court should not exercise jurisdiction until the plaintiff has exhausted his administrative military remedies. Second, they argue that the plaintiff has no constitutional right to due process in the military promotion or selective retention decision-

making process. Plaintiff disagrees with both assertions, claiming that the judiciary *should* review these alleged unconstitutional acts of the military and that he has a protected property interest in his position with the Guard which can only be taken away after notice and an opportunity to be heard.

Generally, courts hesitate to tamper with military decisions. *Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983); *Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953). As the *Orloff* court explained, "[o]rderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters." *Orloff,* 345 U.S. at 94, 73 S.Ct. at 540. However, this deference does not mean that the courts *never* intervene in military matters. As the Second Circuit has recognized, "there are certain limitations to this 'hands-off' policy, and official military conduct may go so far beyond the limits of what may be considered a rational exercise of discretion as to call for mandamus." *Nixon v. Secretary of Navy,* 422 F.2d 934 (2d Cir.1970). Plaintiff urges us to recognize this case as one of those exceptions. We decline to do so.

The Fifth Circuit in *Mindes v. Seaman,* 453 F.2d 197 (5th Cir.1971), developed a test for determining when a court should review a military decision and when it should not. Although the Second Circuit has not explicitly adopted the *Mindes* test, the test is consistent with the Second Circuit's ruling on military issues and provides a useful framework in which to evaluate the justiciability of military matters. *See Hill v. Berkman,* 635 F.Supp. 1228 (E.D.N.Y.1986) (*Mindes* test comports with Second Circuit's sentiments). The *Mindes* test suggests that "a court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures." *Mindes,* 453 F.2d at 201. If an allegation satisfies (a) and (b), the court should go on to consider four additional factors. In this case, however, we do not reach those additional factors because we find that plaintiff has failed to exhaust his available military administrative remedies.

■ Section 1552 of 10 U.S.C. permits a National Guard officer to appeal the federal consequences of an adverse promotion or retention decision to the Army Board for Correction of Military Records (ABCMR). Thus, Congress has clearly contemplated that such grievances first be considered within the military before a civilian court intervenes. Although a favorable decision by the ABCMR could not provide as complete a remedy as could a judicial decision, the effect of judicial intervention on the functioning of the military would be great. Therefore, the court should not exercise its power until the military has completed its available review. Then if the plaintiff finds that additional relief is necessary, he may return to court at the appropriate time to seek judicial aid.

■ Plaintiff argues that he should not be required to exhaust administrative remedies because exhaustion is generally not required under § 1983 or in cases of futility. In cases involving similar claims by National Guard personnel in other states, the First and Fifth Circuits have determined that military disputes brought under § 1983 *are* subject to the exhaustion requirement because the importance of the policy of judicial deference to the military far outweighs that of the policies behind non-exhaustion. *See Crawford v. Texas Army National Guard,* 794 F.2d 1034 (5th Cir.1986); *Penagaricano v. Llenza,* 747 F.2d 55, 61 (1st Cir.1984). For similar approaches in other circuits, see also *Williams v. Wilson,* 762 F.2d 357 (4th Cir. 1985); *Thornton v. Coffey,* 618 F.2d 686 (10th Cir.1980). Although § 1983 suits are vital to remedy constitutional violations, we

agree that the courts' hands-off approach to internal military affairs should extend to cases such as this. A plaintiff seeking review of a military promotion or retention decision must exhaust his or her military remedies before coming to the court.

 Plaintiff additionally argues that he should not be required to exhaust his military procedures because he challenges the constitutionality of the military regulations under which those procedures occur. Essentially, he claims that the regulations fail to provide him notice and an opportunity to be heard before refusal of promotion and separation from the Guard. Therefore, he asserts, requiring him to exhaust military procedures would be futile, as his challenge is addressed to the procedures themselves.

To be entitled to notice and hearing, however, plaintiff must establish that he has a protected property interest in promotion and retention. In two similar cases the First Circuit has found that a member of the Guard "does not have a constitutionally protected property interest in continued employment with the Guard." *Penagaricano*, 747 F.2d at 62. Military officers serve at the pleasure of the President and have no constitutional property interest in retention or promotion. *Navas v. Gonzalez Vales*, 752 F.2d 765, 768 (1st Cir.1985). Further, "[a] regulation creates a property interest in a job only if it explicitly or implicitly gives rise to an entitlement to continued employment." *Id.* Here, the relevant regulation, NGR 635.102, in fact suggests that plaintiff has *no* property interest in retention; rather, once he has served twenty years, the presumption is for separation.

As plaintiff has no protected property interest in retention or promotion, the Guard's procedures cannot deprive him of any property without due process. In addition, we find that the entire controversy is inappropriate for a civilian court to consider in the absence of completion of available military procedures. Therefore, because the case is a nonjusticiable military controversy, defendants' motion to dismiss is GRANTED. Plaintiff's complaint is DISMISSED without prejudice.

SO ORDERED.