Danny D. ROBBINS, Plaintiff,

v.

UNITED STATES, Defendant.

Civ. A. No. 3:89–0813–6B.

United States District Court,
D. South Carolina,
Columbia Division.

March 13, 1990.

---

ORDER

SIMONS, District Judge.

This matter comes before the court on defendant's Motion to Dismiss for Lack of Jurisdiction. The case is accompanied by the Report and Recommendation of the United States Magistrate, in which the Magistrate points out that plaintiff is a former Reserve Officer who had been on active duty with the United States Army. He was released from active duty on February 6, 1983. On August 31, 1984, he filed an application with the Army Board for Correction of Military Records (ABCMR) seeking changes to several of his Officer Evaluation Reports and reinstatement to active duty. He subsequently brought this action seeking an Order that the Army reinstate him to active duty as a Lt. Colonel of Infantry.

Based upon his review of the record, the Magistrate concluded that plaintiff has not exhausted his administrative remedies. On that basis, the Magistrate recommends that this action be dismissed. Plaintiff has filed Objections to the Magistrate's Report and Recommendation which urge that he has in fact exhausted his administrative remedies. Plaintiff has also pointed out certain cases from other circuits which have not required exhaustion of administrative remedies because of factual situations peculiar to those cases.

■ Several things are apparent to this court. First, under the teachings of *Williams v. Wilson*, 762 F.2d 357 (4th Cir. 1985), it is clear that a failure to exhaust intraservice administrative remedies makes a federal claim a "nonjusticiable military controversy." *Williams*, 762 F.2d at 360. Under such circumstances, the Fourth Circuit makes it clear that the proper action for a district court is "to dismiss [such a] claim without prejudice as premature." *Ibid.*

■ It also appears to this court that plaintiff's failure to exhaust administrative remedies arose from the ABCMR's response to a letter written by plaintiff and dated December 9, 1986. Item 2 of that letter reads as follows:

I request that my reinstatement to active duty be withdrawn until such time Headquarters Department of the Army [sic] has had the opportunity to do a special

review of the OER's and my rebuttal material.

Plaintiff indicates that he did not intend for the ABCMR to withhold completion of his review permanently. The record indicates that the Executive Secretary of the ABCMR has stated that the Board considered plaintiff's statement as a request to withhold consideration and that the Board has therefore taken no action on what it considered to be a withdrawn request.

There is no point in wasting energy determining whose interpretation of the statement was correct. The essential point is that, pursuant to the law in this Circuit, plaintiff must exhaust his administrative remedies. As the Magistrate noted, defendant has indicated that the ABCMR still "has the power to grant him all of the relief he seeks in his Complaint." *Defendant's Memorandum in Support of Defendant's Amended Motion to Dismiss* at 2. Even if plaintiff doubts that he will receive the relief he desires through administrative proceedings, the teaching of *William v. Wilson, supra*, is that he must exhaust all such administrative remedies before bringing an action in this court.

On consideration of the matter, the court hereby adopts the Report and Recommendation of the United States Magistrate, which is made a part of this Order by specific reference. For the reasons set out therein, defendant's Motion to Dismiss is granted, and this action is dismissed without prejudice as premature.

AND IT IS SO ORDERED.