943 F.2d 49
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James G. GWALTNEY, Plaintiff-Appellant,
v.
SECRETARY OF the NAVY, Chief of Naval Personnel, Commander,
Naval Personnel Command, Defendants-Appellees.
 No. 90-2175.
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1991.
Decided Sept. 6, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-90-1229-N)
 Edward Francis Halloran, Virginia Beach, Va., for appellant.
 Lt. Ruth G. Thompson, Office of the Judge Advocate General of the Navy, Alexandria, Va. (Argued), for appellee; Henry E. Hudson, United States Attorney, Michael A. Rhine, Assistant United States Attorney, Norfolk, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and GEORGE ROSS ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant contends that the district court erred by dismissing his claim on the ground that he had failed to exhaust the available administrative remedies. We affirm the district court's judgment.
 
 I.
 
 2
 Lieutenant Junior Grade James G. Gwaltney had twice been denied promotion to the rank of lieutenant and as a result he was to be released from active duty by September 30, 1989. Gwaltney, however, challenged his discharge and asked to remain on active duty in order to correct alleged inaccuracies in the reports used to determine his fitness for promotion. The Navy extended his active duty status for some time, but informed him that he would be released no later than April 15, 1990.
 
 
 3
 On April 13, 1990, Gwaltney filed a petition in federal district court essentially seeking to enjoin the Navy from releasing him. The court denied his request for injunctive relief and referred defendants' motion to dismiss to a magistrate. The magistrate then recommended that Gwaltney's claim should be dismissed for failing to exhaust administrative remedies. The district court agreed and dismissed the case without prejudice.
 
 
 4
 Gwaltney later filed a motion for a new trial on the basis that he had exhausted his administrative remedies when the Navy denied a complaint he had filed under Article 138 of the Uniform Code of Military Justice. The district court rejected the motion, reasoning that Gwaltney had not exhausted the available remedies because he had not sought relief from the Board for Correction of Naval Records.
 
 
 5
 Gwaltney now appeals.
 
 II.
 
 6
 We agree with the district court that Williams v. Wilson, 762 F.2d 357 (4th Cir.1985), controls the outcome of this case. Under Williams, Gwaltney's claim is nonjusticiable unless he has exhausted available administrative relief. Gwaltney has failed to do so and his attempts to distinguish Williams are unavailing. Therefore, the judgment of the district court is
 
 
 7
 AFFIRMED.