7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SANDRA M. SCOTT, Plaintiff-Appellant,
v.
DONALD RICE, Secretary, Department of the Air Force; John
B. Conway, Chief, National Guard Bureau; Calvin G.
Franklin, Maj. Gen., Commanding General, District of
Columbia National Guard; David F. Wherley, Commander,
District of Columbia Air National Guard, Defendants-Appellees.
 No. 92-2463.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 7, 1993.
Decided: September 23, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 ARGUED: Joseph David Kuchta, Kuchta & Brinker, for Appellant.
 Patricia Anne Kerns, UNITED STATES AIR FORCE, for Appellees.
 ON BRIEF: Richard Cullen, United States Attorney, Theresa Carroll Buchanan, Assistant United States Attorney, for Appellees.
 D.S.C.
 AFFIRMED
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and G. Ross ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Major Sandra M. Scott appeals from an order granting the defendants' alternative motion to dismiss/motion for summary judgment on Scott's action for alleged violations of 42 U.S.C. § 1983. Reviewing the district court's decision de novo with respect to the Rule 12(b)(6) dismissal of Scott's action, see Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. denied sub nom. Schatz v. Weinberg & Green, 112 S. Ct. 1475 (1992), we affirm.
 
 
 2
 In 1987 Scott was an officer and pilot on active duty in the District of Columbia Air National Guard's Air Guard Reserve. In June 1989 Scott returned to her post following a period of training at the National Guard's Air Command and Staff College, for which she had been recommended by her supervising officers. On October 24, 1990, Colonel David F. Wherley, Scott's unit commander, initiated an action pursuant to Air National Guard regulations to terminate Scott's Air Guard Reserve status. Regarding Scott's termination, Colonel Wherley stated:
 
 
 3
 I am taking this action based on a pattern of substandard performance and misconduct that demonstrates unacceptable leadership qualities for a Major on [Air Guard Reserve] status. The most recent incident involves complaining to enlisted personnel about management of the detachment and soliciting support from female members of the unit for a sex discrimination suit against me....
 
 
 4
 In response to Colonel Wherley's action, Scott filed a complaint alleging sexual discrimination by Colonel Wherley with the Office of Social Actions for the District of Columbia National Guard. Pursuant to District of Columbia National Guard procedure, Brigadier General S.J. Haransky, Jr. conducted an investigation into Scott's allegations of sexual discrimination and harassment. His investigation consisted of interviewing twenty-three members of Scott's unit. Brigadier General Haransky's report concluded that Scott had not presented any specific evidence of verbal or physical conduct of a sexual nature against her, and that she therefore had failed to establish a "prima facie case for sexual harassment or discrimination."
 
 
 5
 While Brigadier General Haransky's investigation was underway, Brigadier General Johnny Hobbs, Deputy Commander of the District of Columbia Air National Guard, appointed Major Steven R. Fuscher to conduct a simultaneous investigation into Colonel Wherley's allegations against Scott. Major Fuscher's investigation concluded that Scott had made negative comments about her job and the management of the squadron to enlisted members of her unit. Major General Calvin G. Franklin, the Commanding General of the District of Columbia National Guard, approved Colonel Wherley's decision to terminate Scott on June 7, 1991. Scott remains a member of the District of Columbia Air National Guard in a part-time status, but has been assigned to another unit.
 
 
 6
 Terminated from her employment as an active-duty officer, Scott brought this action pursuant to 42 U.S.C. § 1983. She sought a declaration that her termination had been ordered in violation of the First and Fourteenth Amendments to the Federal Constitution, 32 U.S.C. § 709, and Air National Guard Regulation 35-03, and an injunction restoring her to active-duty status. The action named as defendants (1) the Secretary of the Department of the Air Force, Donald B. Rice; (2) the Chief of the National Guard Bureau, Lieutenant General John B. Conway; (3) Major General Franklin; and (4) Colonel Wherley. Following oral argument, the district court granted the defendants' motion to dismiss pursuant to Rule 12(b)(6), holding as a matter of law that Scott was barred from suing the defendants in federal court by the intramilitary immunity doctrine announced in Chappell v. Wallace, 462 U.S. 296, 304 (1983), and extended in United States v. Stanley, 483 U.S. 669, 673-76 (1987). This appeal followed.
 
 
 7
 After carefully studying the briefs and the Rule 12(b)(6) dismissal record and hearing oral argument, we affirm the judgment on the reasoning of the district court, Scott v. Rice, C.A. No. 92-993-A (E.D. Va. Oct. 23, 1992) (oral memorandum opinion), with the following modification. See Dandridge v. Williams, 397 U.S. 471, 475 n.6 (1970). With respect to the application of the intramilitary immunity doctrine to actions brought pursuant to 42 U.S.C.s 1983, we reject the district court's conclusion that Chappell and Stanley compel dismissal in this case. Chappell and Stanley were damages actions brought directly under the Federal Constitution, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 338, 406 (1971), in which the Supreme Court held that the unique disciplinary structure of the military was a "special factor counseling hesitation," Chappell, 462 U.S. at 300; Stanley, 483 U.S. at 681, in the judicial creation of a damages cause of action for service persons deprived of constitutional rights. Although some circuits have extended the reasoning of Chappell and Stanley to cases brought against state officers (or against federal officers acting under color of state law) pursuant to 42 U.S.C. § 1983, see Crawford v. Texas Army Nat'l Guard, 794 F.2d 1034, 1035-36 (5th Cir. 1986) (citing cases), we need not do so. In Williams v. Wilson, 762 F.2d 357, 359-60 (4th Cir. 1985), we adopted the four-part test first propounded in Mindes v. Seaman, 453 F.2d 197, 201-02 (5th Cir. 1971), for determining whether particular actions of military authorities are properly reviewable by the civilian courts outside the Bivens context. Having endorsed the Mindes test, we must apply it-not Chappell or Stanley-to determine the reviewability of non-Bivens actions against military defendants. See Guerra v. Scruggs, 942 F.2d 270, 276 (4th Cir. 1991).
 
 
 8
 Other than our decision to confine Chappell and Stanley to their proper province, we agree with the district court that the federal civilian courts are without power to review actions of military authorities where "the interference [with the military function] would be such as to seriously impede the military in the performance of vital duties...." Mindes, 453 F.2d at 201-02. We believe that reviewing Scott's equitable-relief action would interfere with the military function to precisely the degree forbidden by Mindes, because the potential for civilian judicial review would impede a commanding officer in performing the "vital duty," id., of exercising his own discretion and military expertise with respect to personnel matters." Courts should defer to the superior knowledge and expertise of [military] professionals in matters ... directly related to specific military functions." Id. Our review of the record satisfies us that Colonel Wherley's decision to terminate Scott from active-duty status was directly related to the military function of maintaining discipline within his unit. Accordingly, the judgment of the district court is hereby
 
 
 9
 AFFIRMED.