Affirmed by published opinion. Judge NIEMEYER wrote the majority opinion, in which Senior Judge SILER joined. Judge KING wrote a dissenting opinion.
OPINION
NIEMEYER, Circuit Judge:
Frederick Aikens, formerly a colonel in the North Carolina Army National Guard, commenced this action against his former colleagues, Adjutant General William Ingram and Lieutenant Colonel Peter von Jess, alleging that they violated his Fourth Amendment rights by wrongfully inter *287 cepting, reading, and forwarding his emails while he was deployed in Iraq. The district court dismissed the action without prejudice, concluding that it lacked subject matter jurisdiction because of Colonel Aikens’ failure to exhaust any available intramilitary remedies. The court entered a judgment of dismissal on September 14, 2007.
When Colonel Aikens filed his claim with the Army Board for Correction of Military Records (“ABCMR”), the Board determined that it could not provide him with the relief that he sought. Afterwards, rather than filing a new action, Aikens sought to reopen the judgment entered in this case by filing a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). The district court denied the motion, reasoning that Colonel Aikens had failed to establish the extraordinary circumstances necessary for granting relief from judgment under Rule 60(b)(6).
For the reasons that follow, we conclude that the district court did not abuse its discretion and affirm.
I
After Frederick Aikens was promoted to colonel in the North Carolina Army National Guard, Lieutenant Colonel Peter von Jess was selected to replace him as executive officer of the 139th Rear Operations Center. Shortly thereafter, Colonel Aikens began receiving complaints about von Jess from subordinate field officers, leading Aikens to discipline von Jess in a July 2002 officer evaluation report. Aikens reiterated that evaluation in a December 2002 evaluation report. Adjutant General William Ingram, who had selected von Jess to replace Aikens as executive officer, invalidated Colonel Aikens’ evaluation of von Jess, which provoked Colonel Aikens to file a complaint for undue command influence with the Department of the Army Inspector General. The Inspector General substantiated Aikens’ complaint.
According to Aikens, when he was later deployed to Kuwait in April 2003, two of his subordinate officers, under instructions from General Ingram, illegally monitored and intercepted his personal e-mails from a computer system they had set up for him. These e-mails contained personal correspondence, including negative statements about General Ingram and others.
Thereafter, General Ingram ordered two separate investigations of Aikens, one in December 2003 and another in February 2004, both of which were later determined to be unsubstantiated. But Colonel Aikens was later notified by the Inspector General that he was the subject of yet another investigation for a “hostile command climate and inappropriate relations with women.” These charges were substantiated in part by use of the intercepted e-mails. Colonel Aikens asserts that as a result he resigned from the North Carolina National Guard in June 2005 and that his resignation amounted to constructive discharge from the United States Army. After his resignation, he was transferred to the Retired Reserve.
Colonel Aikens commenced this action against General Ingram and Lieutenant Colonel von Jess, contending that the defendants violated his Fourth Amendment rights and Army Regulation 380-19. General Ingram and Lieutenant Colonel von Jess filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the district court lacked subject matter jurisdiction because Colonel Aikens had failed to exhaust his intraservice military remedies through the ABCMR. Aikens responded, arguing that exhaustion was unnecessary because the ABCMR could not address Fourth Amendment violations and that General Ingram *288 and Lieutenant von Jess were, in any event, state actors not subject to the ABCMR.
The district court granted the motion without prejudice, directing Aikens to exhaust his intra-service administrative remedies with the ABCMR. Aikens v. Ingram, 513 F.Supp.2d 586 (E.D.N.C.2007). The court noted that Colonel Aikens’ complaint, in making his Fourth Amendment argument, relied on Army Regulation 380-19 and that the ABCMR “has authority to ‘correct an error or remove an injustice’ in plaintiffs military record,” id. at 591 (quoting 10 U.S.C.. § 1552(a)(1)), and to “ ‘reinstate [plaintiff] in a comparable active federal reserve status, restore his pay and order compensatory back pay,’ ” id. (quoting Williams v. Wilson, 762 F.2d 357, 360 n. 6 (4th Cir.1985) (alteration in original)). The court reasoned:
At bottom, plaintiff seeks to rescind the resignation letter contained in his military record. In so doing, he relies on the Fourth Amendment and on Army Regulation 380-19. However, plaintiffs “failure to exhaust intraservice administrative remedies [makes] his federal claim[s] a nonjusticiable military controversy.”
Id. (quoting Williams, 762 F.2d at 360) (alterations in original). The court added, however, that if the ABCMR did not have jurisdiction, it would take no action and Colonel Aikens could return to federal court. Id. at-592. On the other hand, if the ABCMR had jurisdiction, then the court would be limited to conducting judicial review of the administrative proceeding. Id.
Colonel Aikens subsequently pursued administrative remedies but was denied relief. The ABCMR wrote Colonel Aikens, “Upon review it has been determined that your application and the remedy you seek is not within the purview of the ABCMR; therefore, it is returned without prejudice and without action being taken by this Board.”
On March 31, 2008, more than six months after the district court entered its judgment of dismissal, Aikens filed a motion for relief from the judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6). He argued that the judgment should be reopened because he had complied with the court’s requirement that he exhaust his intra-service administrative remedies and he now might face a statute of limitations defense if he were to file a new action. The district court denied the motion on the ground that Colonel Aikens had failed to show the “extraordinary circumstances” warranting relief from the judgment under Rule 60(b)(6). The court noted that its judgment of dismissal without prejudice anticipated that Colonel Aikens would return to federal court through the filing of a new action. In response to Aikens’ suggestion that he might now be faced with a statute of limitations defense, the court observed that any limitations problem was the result of Aikens’ tactical decisions not to seek administrative review earlier and to file this action late in the limitations period.
From the district court’s order denying Aikens’ motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), Aikens filed this appeal.
II
Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for “any other reason that justifies relief.” Fed.R.Civ.P. 60(b)(6).[1] While this catchall reason in- *289 eludes few textual limitations, its context requires that it may be invoked in only “extraordinary circumstances” when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5). See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n. 11, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). As Chief Justice Rehnquist noted in his separate opinion in Liljeberg-.
Rule 60(b) authorizes a district court, on motion and upon such terms as are just, to reheve a party from a final judgment, order, or proceeding for any “reason justifying relief from the operation of the judgment.” However, we have repeatedly instructed that only truly “extraordinary circumstances” will permit a party successfully to invoke the “any other reason” clause of § 60(b). This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.
486 U.S. at 873, 108 S.Ct. 2194 (Rehnquist, C.J., dissenting) (citations omitted). To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments, such as Rule 59 (requiring that motions for new trial or to alter or amend a judgment be filed no later than 28 days after the entry of judgment); Rule 6(b)(2) (providing that a court may not extend the time to file motions under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)); and Federal Rule of Appellate Procedure 4(a) (requiring that appeals be filed within 30 days after judgment).
We have thus required — in addition to the explicitly stated requirements that the motion under Rule 60(b)(6) be filed on “just terms” and within “a reasonable time” — that the party filing the motion have a meritorious claim or defense and that the party opposing the motion not be unfairly prejudiced by having the judgment set aside. See Nat’l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir.1993). And if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for an appeal. See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (holding that the “voluntary, deliberate, free [and] untrammeled choice” not to appeal the original judgment or order cannot establish a basis for Rule 60 relief) (quoting Ackermann v. United States, 340 U.S. 193, 200, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (alteration in original)); In re Burnley, 988 F.2d 1, 3 (4th Cir.1992) (“A Rule 60(b) motion may not substitute for a timely appeal”). See generally 11 Charles A. Wright, Arthur R. Miller & Mary Kay *290 Kane, Federal Practice and Procedure § 2864, at 359-60 & n. 25 (2d ed.1995) (collecting cases).
We review the district court’s ruling on a 60(b) motion for abuse of discretion, see Browder v. Dir., Dep’t of Corrections of Ill., 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); Nat’l Credit Union, 1 F.3d at 265, and “an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review,” Browder, 434 U.S. at 263 n. 7, 98 S.Ct. 556.
With these principles in hand, we now turn to Colonel Aikens’ contention that the district court abused its discretion in denying him relief from its prior judgment of dismissal under Rule 60(b)(6).
Ill
Aikens asserts that he demonstrated extraordinary circumstances because (1) “he satisfied the District Court’s (erroneous) exhaustion requirement” and (2) the defendants “likely will assert a limitations defense to any refiled claim.” He maintains that his predicament was “caused by the District Court’s erroneous exhaustion requirement” and that he is therefore entitled to relief from judgment. Alternatively, he argues that the “District Court should have treated [his] Rule 60(b)(6) motion as a new filing [of an action] rather than denying it outright.” On his observation that the defendants would likely have filed a statute of limitations defense had he filed a new action, Aikens speculates:
Appellees most certainly again will attempt to preclude a hearing on the merits by raising a limitations defense. A three year limitations period applies to Col. Aikens’s claims. Appellees will argue that the limitations period began to run on November 24, 2003, when he became aware of the claims. Col. Aikens timely filed his case in the District Court on April 27, 2006, tolling the limitations period with 212 days left, but Appellees will argue that the limitations period began to run again on September 13, 2007, when the District Court dismissed the claim for failure to exhaust and that the limitations period never was tolled again.
(Citations omitted).
Several difficulties about Aikens’ argument become immediately apparent. First, if he was convinced that the district court erred in dismissing his action for failure to exhaust administrative remedies, Aikens could have appealed, but he did not.[2] Alternatively, he could have asked the district court to stay the action pending exhaustion of administrative remedies, but again he did not, failing to recognize that such a stay would be an appropriate exercise of the district court’s discretion. We have readily ordered a stay of an ongoing federal action pending exhaustion of administrative or state proceedings, par *291 ticularly to avoid statute of limitations problems. See, e.g., Traverso v. Penn, 874 F.2d 209, 212-13 (4th Cir.1989) (requiring a stay rather than dismissal of § 1983 action to allow for exhaustion of pending state proceedings); Suggs v. Brannon, 804 F.2d 274, 279-80 (4th Cir.1986) (abstaining from § 1983 claim due to ongoing state prosecution, but ordering a stay rather than dismissal because of statute of limitations problem); Stubbs v. Foley, No. 92-7164, 998 F.2d 1010 (Table), 1993 WL 261975 at *2 (4th Cir. July 2, 1993) (vacating dismissal for failure to exhaust and remanding with order to stay pending exhaustion due to concern about a potential statute of limitations problem). Finally, after exhausting administrative remedies, Aikens could have filed a new action, rather than seeking relief from judgment or claiming that the district court should have treated his Rule 60(b)(6) motion as a new action. In short, Aikens’ posited predicament was as much the result of his management of the action as the result of the district court’s allegedly erroneous judgment of dismissal.
Moreover, at oral argument, Aikens’ counsel could do no more than speculate on whether he would indeed be faced with a legitimate statute of limitations defense. It is not clear when Aikens’ cause of action accrued, and Aikens’ counsel agreed that he did not know what tolling provisions might apply or how they might apply.
The district court concluded that Aikens cannot “avoid the statute of limitations problem he now faces by deft use of Rule 60(b)(6). Stated simply, ‘extraordinary circumstances’ do not arise due to limitations that otherwise apply, and a plaintiff cannot use Rule 60(b)(6) to evade such time limitations.” We agree. This issue, raised by procedural choices that Aikens made, was addressed directly by the Supreme Court in Ackermann, where the petitioner decided not to appeal for tactical reasons. As the Court stated:
Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong----There must be an end to litigation some day, and free, calculated, deliberate choices are not to be relieved from.
Ackermann, 340 U.S. at 198, 71 S.Ct. 209.
To the extent that Aikens rests his argument on the district court’s earlier purportedly erroneous dismissal of his case, his remedy was to appeal, not to file a Rule 60(b)(6) motion. It is well established that Rule 60(b)(6) does not serve as a substitute for appeal. See Dowell, 993 F.2d at 48 (citing Ackermann, 340 U.S. at 198, 71 S.Ct. 209); Burnley, 988 F.2d at 3. The office of appeal is designed to correct perceived errors, and any appeal is governed by an independent set of rules and time considerations. See, e.g., Fed. R.App. P. 4(a)(1) (providing, with exceptions, that a notice of appeal must be filed “within 30 days after the judgment or order appealed from is entered”).
In the circumstances of this case, we cannot conclude that the district court abused its discretion in denying Aikens’ motion to reopen the judgment under Federal Rule of Civil Procedure 60(b)(6).

AFFIRMED

. Federal Rule of Civil Procedure 60(b) provides in full:
*289 Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.
And Federal Rule of Civil Procedure 60(c)(1) provides:
Timing. A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

. Our colleague in dissent suggests that exhaustion followed by the Rule 60(b)(6) motion was a more sensible litigation strategy for Aikens because had he appealed the allegedly erroneous dismissal, “we might ... have affirmed and Aikens would have ended up before the ABCMR anyway.” Post at 300. The dissent goes so far as to suggest that this would be "the more likely outcome,” despite the dissent’s supposition that the initial dismissal was erroneous. Id. Setting aside the fact that the dissent's suggested litigation strategy conflicts with numerous precedents of the Supreme Court and our court, which note specifically that Rule 60 may not be a substitute for appeal, it is also flawed because it rests on the notion that Aikens should not have appealed an erroneous judgment to us because we might not have recognized that it was erroneous. Yet, this assumption, which gives us little credit as a reviewing court, certainly cannot be made by the dissent when it maintains throughout that the district court's error was an obvious mistake.