**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## No. 17-1547

HUBERT REAPE,

                 Plaintiff - Appellant,

      v.

SEAN J. STACKLEY, Acting Secretary of the Navy,

                 Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:16-cv-00007-RJC-DCK)

Submitted:  January 26, 2018                    Decided:  February 7, 2018

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert R. Davis, LEGAL SERVICES OF SOUTHERN PIEDMONT, Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Gill P. Beck, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hubert Reape appeals the district court's order dismissing his complaint against the Secretary of the Navy ("Defendant") seeking to upgrade his other than honorable ("OTH") discharge from the Marine Corps. He contends that the Board for Correction of Naval Records ("BCNR") violated his due process rights by denying his request, the BCNR's alleged failure to address certain of his arguments violated the Administrative Procedures Act, 5 U.S.C. §§ 551-559, 701-706, 1305, 3105, 3344, 4301, 5335, 5362, 7521 (2012) ("APA"), the BCNR illegally considered ex parte communications, and the BCNR failed to comply with its own regulations.[*] We affirm.

We review de novo a district court's grant of summary judgment. *Champion Pro Consulting Grp., Inc. v. Impact Sports Football, LLC*, 845 F.3d 104, 108 (4th Cir. 2016). A court must grant summary judgment for the moving party when that party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing that it is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment for the moving party is appropriate when the

---

[*] Reape makes several arguments on appeal that he failed to present to the district court: Defendant violated his due process rights at the time of his discharge in 1983 when he allegedly waived his rights based on false promises; the Marine Corps punished him by applying a new rule retroactively; a military lawyer's email to the BCNR constituted an improper ex parte communication; and the appointment and composition of the BCNR board that ruled on his request to upgrade his discharge violated BCNR regulations and federal law. Because Reape raises these arguments for the first time on appeal, we decline to consider them. *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014).

2

nonmoving party has the burden of proof on an essential element of its case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Id.* at 322-23.

Reape contends on appeal that Defendant violated his due process rights in ruling that the OTH determination was correct. "To state a procedural due process claim, a plaintiff must first identify a protected liberty or property interest and then demonstrate deprivation of that interest without due process of law." *Martin v. Duffy*, 858 F.3d 239, 253 (4th Cir. 2017) (brackets and internal quotation marks omitted), *cert. denied*, ___ S. Ct. ___, No. 17-539, 2018 WL 410920 (U.S. Jan. 6, 2018). A person has a liberty interest in his "good name, reputation, honor, or integrity." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). "To state this type of liberty interest claim under the Due Process Clause, a plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false." *Sciolino v. City of Newport News*, 480 F.3d 642, 646 (4th Cir. 2007).

The parties do not dispute that Reape has a liberty interest in his good name and reputation. However, Reape has not shown that the BCNR's statement that Reape received an OTH discharge for marijuana use was false. As a result, we conclude that Reape has not shown the BCNR decision violated his due process rights.

Reape next contends that the BCNR violated the APA. "Under the APA, a court will set aside an agency action if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,'" *Ohio Valley Envtl. Coal., Inc. v. U.S. Army Corps*

3

*of Eng'rs*, 828 F.3d 316, 321 (4th Cir. 2016) (quoting 5 U.S.C. § 706(2)(A)), or if the action is "unsupported by substantial evidence," 5 U.S.C. § 706(2)(E). This "standard of review is a narrow one." *Ohio Valley*, 828 F.3d at 321 (internal quotation marks omitted). Indeed, "review under this standard is highly deferential, with a presumption in favor of finding the agency action valid." *King v. Burwell*, 759 F.3d 358, 373 (4th Cir. 2014) (alteration and internal quotation marks omitted), *aff'd*, 135 S. Ct. 2480 (2015). "Deference is due where the agency has examined the relevant data and provided an explanation of its decision that includes a rational connection between the facts found and the choice made." *Ohio Valley*, 828 F.3d at 321 (internal quotation marks omitted). Review of military agency decisions is especially deferential, as an armed services board of review "has far greater experience than this court in deciphering the content and effect of military regulations and should be permitted to exercise its expertise." *Williams v. Wilson*, 762 F.2d 357, 360 (4th Cir. 1985); *see Berry v. Bean*, 796 F.2d 713, 716 (4th Cir. 1986) ("[D]eference to military decisions is especially relevant where matters of base command and discipline are involved.").

Reape contends that the BCNR failed to address some of his arguments. Specifically, Reape claims that he did not know about a new drug use policy and that it was thus unfair to apply the new policy to him. But "ignorance of the law is no excuse." *Elonis v. United States*, 135 S. Ct. 2001, 2009 (2015) (internal quotation marks omitted). Next, Reape contends that the BCNR did not consider his argument that he used marijuana in order to cope with the stress of being in a combat zone. However, the BCNR did consider this argument and rejected it.

4

Reape asserts on appeal that the BCNR illegally considered ex parte communications. In particular, he contends that the BCNR, which "is not an investigative body," 32 C.F.R. § 723.2(b) (2017), improperly expanded the record without notifying him by acquiring ex parte certain records relating to his discharge. However, BCNR regulations provide that the BCNR "may require the applicant or military authorities to provide such further information as it may consider essential to a complete and impartial determination of the facts and issues." 32 C.F.R. § 723.6(a)(2) (2017); *see* 10 U.S.C. § 1556(b)(5) (2012).

Finally, Reape claims that the BCNR's decision is not supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ceres Marine Terminals, Inc. v. Green*, 656 F.3d 235, 239 (4th Cir. 2011) (internal quotation marks omitted). Substantial evidence "requires more than a mere scintilla but less than a preponderance." *Id.* (internal quotation marks omitted). Reape argues that the BCNR failed to discuss his proficiency ratings and average conduct scores, which indicated that he performed honorably at the time of his discharge. However, "[t]he BCNR is not required to explain the reasons for its decision in great detail." *Peoples v. United States*, 87 Fed. Cl. 553, 576 (2009) (internal quotation marks omitted); *see Ohio Valley*, 828 F. 3d at 321. Indeed, the BCNR is required only to "include a brief statement of the grounds for denial." 32 C.F.R. § 723.3(e)(3) (2017); *see* 10 U.S.C. § 1552(a)(a) (2012) (providing for correction of military record "to correct an error or remove an injustice"). In any event, our review of the record leads us to conclude substantial evidence supports the BCNR's decision that the seriousness of

Reape's misconduct did not warrant relief. *See Ceres Marine Terminals, Inc.*, 656 F.3d at 239.

Accordingly, we affirm the judgment of the district court. We deny the motion to supplement the record and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*