NATIONSBANK CORPORATION; Nationsbank, N.A.; Nationsbank of Florida, N.A., Plaintiffs–Appellees,

v.

Alexis M. HERMAN, Secretary of Labor, United States Department of Labor; Shirley Wilcher, Deputy Assistant Secretary for Federal Contract Compliance Programs, United States Department of Labor; Carol A. Gaudin, Regional Director of Office of Federal Contract Compliance Region IV; Jerome Geathers, District Director for Office of Federal Contract Compliance, Charlotte District Office; Alice A. Webster, District Director for Office of Federal Contract Compliance, Jacksonville District Office, Defendants–Appellants.

No. 98–1127.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 27, 1999.

Decided April 6, 1999.

**ARGUED:** Leslie A. Simon, United States Department of Justice, Washington, D.C., for Appellants. Richard Francis Kane, McGuire, Woods, Battle & Boothe, L.L.P., Charlotte, North Carolina, for Appellees. **ON BRIEF:** Bill Lann Lee, Acting Assistant Attorney General, Dennis J. Dimsey, United States Department of Justice, Washington, D.C.; Marvin Krislov, Deputy Solicitor for National Operations, James D. Henry, Associate Solicitor, Heide Dalzell–Finger, for Litigation, United States Department of Labor, Washington, D.C., for Appellants. Kevin V. Parsons, Mcguire, Woods, Battle & Boothe, L.L.P., Charlotte, North Carolina, for Appellees.

Before ERVIN, LUTTIG, and KING, Circuit Judges.

Vacated and reversed by published opinion. Judge Luttig wrote the opinion, which Judge Ervin and Judge King joined.

## OPINION

LUTTIG, Circuit Judge:

NationsBank and its subsidiaries ("NationsBank") brought this suit against the Secretary of Labor and officials of the Department of Labor's Office of Federal Contract Compliance Programs (collectively "OFCCP") to challenge the constitutionality of the OFCCP's selection of certain NationsBank offices for compliance review under federal affirmative action requirements. The OFCCP appeals the district court's denial of summary judgment and grant of a preliminary injunction staying its administrative enforcement proceeding against NationsBank. Because NationsBank must exhaust administrative remedies before initiating federal suit, we reverse the district court's denial of summary judgment and vacate the preliminary injunction.

## I.

Appellee NationsBank is a federal contractor and thus subject to Executive Order 11246, which mandates race and sex-based affirmative action in employment. In 1993, the OFCCP, which has responsibility for enforcing this Order, initiated a compliance review of a NationsBank office in Charlotte, North Carolina, including inspection of documents and an onsite investigation. NationsBank did not object to this review. In October 1994, the OFCCP informed NationsBank that it had found violations of the Executive Order, based chiefly on NationsBank's disproportionate rejection of minority applicants. The following June, it sent NationsBank a proposed "Conciliation Agreement" providing for, among other things, backpay to rejected minority applicants, "[a]ffirmative action goals" (with pay of executives and managers tied to their success in satisfying those goals), and various programs to ensure the promotion of minorities and women "into underrepresented areas."

Soon after informing NationsBank of the alleged violations in the Charlotte office, the OFCCP decided to initiate additional compliance reviews at NationsBank offices in Tampa, Florida, and Columbia, South Carolina. This time, however, NationsBank objected, refusing to cooperate unless the OFCCP informed the bank of what criteria it had used in selecting these two new sites. When the OFCCP failed to do so, NationsBank brought this action for declaratory and injunctive relief in the District Court for the Western District of North Carolina, alleging that the OFCCP's selection of the Tampa and Columbia offices for review (and thus for the searches incident to such a review) was unreasonable, in violation of the Fourth Amendment, because the OFCCP had not acted pursuant to neutral selection criteria but instead had singled out NationsBank. The OFCCP then brought a motion to dismiss for failure to exhaust administrative remedies, which the court denied in January 1996. Three months later, the OFCCP, in the words of the district court, "all of a

sudden dropped" its plans to review the Tampa and Columbia offices.

At about this time, in March 1996, efforts to agree on a conciliation plan regarding the Charlotte office failed. In February 1997, NationsBank, in response to what it had learned in pursuing its suit regarding the OFCCP's selection of the Tampa and Columbia offices, amended its complaint to add Fourth Amendment objections to the OFCCP's selection of Charlotte. On July 18, 1997, a year and a half after conciliation efforts had failed, the OFCCP brought a formal complaint against the Charlotte office. The next business day, July 21, it moved for summary judgment against NationsBank for failure to exhaust remedies in the suddenly pending administrative action. NationsBank, in response, moved for a preliminary injunction staying the administrative action pending a final decision from the district court.

The district court ruled in NationsBank's favor in late 1997, denying the OFCCP's motion for summary judgment and granting NationsBank's motion for a preliminary injunction. The OFCCP then brought this interlocutory appeal of both rulings.

## II.

Initially, NationsBank challenges our authority to hear the OFCCP's appeal, arguing that we lack jurisdiction to review either the grant of the preliminary injunction or the denial of summary judgment. We disagree, holding that we have jurisdiction to review both rulings on interlocutory appeal.

As to our jurisdiction to hear the appeal of the preliminary injunction, NationsBank's argument borders on the frivolous. Title 28, section 1292(a)(1), of the United State Code grants appellate jurisdiction over "[i]nterlocutory orders ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." The district court entered an interlocutory order granting an injunction. The OFCCP, therefore, may appeal this order immediately.[1]

As to the OFCCP's appeal from the denial of summary judgment, even though we do not normally hear such interlocutory appeals, we may exercise jurisdiction in this case because the denial of summary judgment is "intimately bound up with" the grant of the preliminary injunction. *See Fran Welch Real Estate Sales, Inc. v. Seabrook Island Co.,* 809 F.2d 1030, 1032 (4th Cir.1987) (reviewing grant of partial summary judgment on appeal under section 1292(a)(1) because it "was intimately bound up with" denial of injunction). In order to exercise our statutory mandate to hear the OFCCP's interlocutory appeal of the preliminary injunction, we must resolve the question of whether NationsBank is required to exhaust administrative remedies before suing. For if NationsBank must exhaust (as we conclude below), the preliminary injunction was improper. NationsBank would have no likelihood of prevailing on the merits of the present suit (even if it might prevail on an appeal from an administrative ruling or in an action for damages), since a party cannot prevail on the merits of a suit that it does not (yet) have the right to bring. *See Guerra v. Scruggs,* 942 F.2d 270, 277 (4th Cir.1991) (explaining reversal of injunction against discharge of army officer by noting that "Guerra has

**1.** NationsBank relies upon *Carson v. American Brands, Inc.,* 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981), to argue that a court of appeals should only exercise jurisdiction under section 1292(a)(1) when the injunction is "of serious, perhaps irreparable, consequence." But in *Carson,* the Court set forth the standard governing appeals of interlocutory orders that have effects similar to those of injunctions, but that technically are not injunctions. *See Carson,* 450 U.S. at 83–84, 101 S.Ct. 993. When, instead, a trial court enters an actual injunction, as in this case, *Carson* is inapplicable, and section 1292(a)(1) applies directly.

no likelihood of success on the merits of his case because he has failed to exhaust his administrative remedies"). Additionally, if NationsBank must exhaust, the harm to the OFCCP from an injunction staying its administrative proceeding—in having its enforcement processes short-circuited by a lawsuit—would be much greater than the district court believed. This issue of exhaustion, on which the propriety of the injunction turns, is likewise the sole issue on which the denial of summary judgment turns. Therefore, under *Fran Welch*, we have jurisdiction to review the denial of summary judgment along with our review of the injunction.

NationsBank relies on *Swint v. Chambers County Comm'n*, 514 U.S. 35, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995), to argue that we lack jurisdiction over the denial of summary judgment. This argument, however, fails. The Court in *Swint* held that there was no jurisdiction over an appeal by a defendant (a county commission) from a denial of summary judgment, even though there was jurisdiction to hear the interlocutory appeal of individual co-defendants from a denial of qualified immunity. That decision is readily distinguishable. First, it chiefly involved not section 1292(a)(1)'s grant of jurisdiction over interlocutory appeals involving injunctions, but rather the final judgment rule of 28 U.S.C. § 1291 and the scope of the court-created collateral-order exception to it. Second, in *Swint* the denial of summary judgment to the county commission was not "inextricably intertwined" with the appealable ruling on qualified immunity, nor was "review of the former decision [ ] necessary to ensure meaningful review of the latter." *Swint*, 514 U.S. at 50–51, 115 S.Ct. 1203. Here, by contrast, the denial of summary judgment is, as explained above, "inextricably intertwined" with the grant of the preliminary injunction, and jurisdiction is thus appropriate.

## III.

■■ Turning to the merits of the appeal, we conclude that under our decisions in *Volvo GM Heavy Truck Corp. v. Department of Labor*, 118 F.3d 205 (4th Cir. 1997), and *Thetford Properties IV L.P. v. Department of Housing & Urban Dev.*, 907 F.2d 445 (4th Cir.1990), NationsBank must exhaust administrative remedies before bringing its Fourth Amendment suit against the OFCCP. Therefore, the district court erred both in denying the OFCCP summary judgment and in enjoining the office's administrative proceedings against NationsBank. Because both rulings turn on the legal issue of whether NationsBank must exhaust, our review is *de novo*. See *Virginia Carolina Tools, Inc. v. International Tool Supply, Inc.*, 984 F.2d 113, 116 (4th Cir.1993) (explaining that review of decision regarding injunction is *de novo* when propriety of that decision rests solely on a legal question).

■ Where Congress has intended to require administrative exhaustion prior to any judicial challenges to an agency's enforcement of a law or regulation, courts enforce that requirement unless a party provides grounds for waiving it in a particular case. See *McCarthy v. Madigan*, 503 U.S. 140, 144–48, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992); *Volvo GM*, 118 F.3d at 211–12. As to Executive Order 11246, Congress has clearly required exhaustion, as we have explicitly held: "Congress by granting the President authority to issue 'policies and directives' to carry out implementation of Executive Order 11246 by the agencies, did speak 'clearly' in requiring exhaustion." *Volvo GM*, 118 F.3d at 211. Therefore, NationsBank must exhaust unless it can show grounds for waiver.

NationsBank raises two arguments for waiver, neither of which is availing. First, it argues that constitutional claims, particularly its own, are unsuited for administrative exhaustion. Second, it argues that the OFCCP's questionable behavior, which so aroused the district court's suspicion, also justifies waiver.

■ NationsBank's first argument fails under our consistent and unambiguous line of cases rejecting the contention that constitutional claims should be exempt from exhaustion requirements. *See Volvo GM,* 118 F.3d at 215 (requiring exhaustion of claim that the OFCCP's enforcement proceedings and delay both violated due process, and noting that "[t]he Fourth Circuit has recognized that exhaustion can be useful even where a constitutional issue is presented"); *Thetford,* 907 F.2d at 448 (holding, in challenge to constitutionality of statute that agency enforced, that "we must reject appellant's argument that,as a general rule, exhaustion is not necessary where administrative litigants raise constitutional challenges"); *Guerra,* 942 F.2d at 276 ("The doctrine of requiring exhaustion ... applies to cases like the present one where constitutional claims are made."). *Cf. American Federation of Gov't Employees v. Nimmo,* 711 F.2d 28, 31 (4th Cir. 1983) ("[E]xhaustion is particularly appropriate when the administrative remedy may eliminate the necessity of deciding constitutional questions."). We have also rejected the related argument that the bureaucratic burden on a party from having to exhaust administrative remedies before suing justifies waiver when a constitutional claim is at issue. *See Volvo GM,* 118 F.3d at 213 ("Such a burden has been found to be wholly insufficient to warrant a waiver of the exhaustion requirement."). *Cf. Thetford,* 907 F.2d at 449 (rejecting argument that "submission to the administrative process is part of the alleged due process violation," because adequacy of enforcement procedure was separate issue from constitutionality of statute being challenged).

NationsBank makes several efforts, none convincing, to circumvent this considerable caselaw. It first attempts to define narrowly the congressional intent relevant to exhaustion, contending that "Congress never has mandated ... exhaustion ... where the *constitutionality* of the government's action is at issue." Appellees' Br. at 42 (emphasis added). Even if this were

the correct way to frame the issue, NationsBank's argument is contrary to *Volvo GM,* in which we held that Congress had mandated exhaustion even of the plaintiff's challenge to the constitutionality of the government's action—the OFCCP's seven-year delay in bringing an enforcement action. *See* 118 F.3d at 214–15. *Cf. McCarthy,* 503 U.S. at 145, 112 S.Ct. 1081 ("Exhaustion concerns apply with particular force when the action under review involves exercise of the agency's discretionary power ....").

Next, NationsBank argues, in agreement with the district court, that *Volvo GM* does not govern this case because that case really only involved a claim under the Administrative Procedure Act, the due process claim being merely a repackaged version of the APA claim. NationsBank points to our observation, in a passing footnote, that the plaintiff's constitutional claim "appears to be nothing more than clever pleading of its APA claim." *Volvo GM,* 118 F.3d at 212 n. 10. But *Volvo GM* separately and extensively treated the constitutional claim both in evaluating congressional intent, *id.* at 210–11, and in determining whether to waive the exhaustion requirement, *id.* at 214–15. NationsBank, citing only to the footnote, ignores all of this analysis.

■ NationsBank finally argues that requiring it to submit to an enforcement proceeding based on illegally obtained evidence is itself an actionable constitutional wrong. In this contention, too, NationsBank is mistaken, as the Supreme Court reconfirmed as recently as last year. *See Pennsylvania Bd. of Probation and Parole v. Scott,* 524 U.S. 357, 118 S.Ct. 2014, 2019, 141 L.Ed.2d 344 (1998) ("We have emphasized repeatedly that the State's use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution .... Rather, a Fourth Amendment violation is fully accomplished by the illegal search or seizure, and no exclusion of evidence from a judicial or

■■■■■■■

administrative proceeding can cure the invasion of the defendant's rights which he has already suffered.") (quotation omitted).[2]

Second, in addition to its argument that we should waive the exhaustion requirement for constitutional claims, NationsBank also argues that the OFCCP's questionable behavior warrants waiver. In so arguing, NationsBank relies heavily on the district court's concerns about the OFCCP's selection policies (or lack thereof) and conduct toward NationsBank. *See* J.A. at 276 (refusing to require exhaustion, in part because the OFCCP's timing in halting the reviews of the Tampa and Columbia offices and in instigating the enforcement proceeding against the Charlotte office, which it then used as the basis for its motion for summary judgment, was "very interesting" and "highly intriguing," suggesting efforts "to avoid review whatsoever"); *id.* at 279 (finding "considerable evidence of foreordained selection" and of "arbitrary governmental action in selecting people"); *id.* at 253 (suggesting that the OFCCP is "an organization which seeks to, shall we say, maximize its flexibility in the selection process").

■■■■■■ But whatever the merits of NationsBank's Fourth Amendment claim, mere agency misbehavior does not justify waiver. *See Volvo GM*, 118 F.3d at 215 n. 14 (requiring exhaustion notwithstanding court's "frustration" over the OFCCP's "unsettling" delay in bringing enforcement proceedings). Rather, a party must make a "clear showing" that an adverse ruling from the agency is "a certainty." *Thet-*

*ford,* 907 F.2d at 450. NationsBank has not made such a showing.[3] If, as NationsBank alleges and the district court suspected, the OFCCP did single out NationsBank for investigation and either has no policy governing its selection of targets for compliance review or has one but intentionally disregarded it, exhaustion would serve the frequently noted purpose of allowing the agency to correct its mistakes before facing judicial review. *See, e.g., McCarthy,* 503 U.S. at 145, 112 S.Ct. 1081 ("[A]n agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court.").[4]

## CONCLUSION

Since NationsBank must exhaust administrative remedies before bringing suit against the OFCCP, the grant of the preliminary injunction to NationsBank and the denial of summary judgment to the OFCCP were both improper. Accordingly, we vacate the preliminary injunction and grant the OFCCP's motion for summary judgment.

*VACATED AND REVERSED*

---

2. NationsBank itself seemed aware of this at oral argument, admitting that the absence of an exclusionary rule in the administrative proceeding would not establish irreparable harm under the test for preliminary injunctions.

3. NationsBank has raised its Fourth Amendment objection as a defense in the administrative action.

4. The district court also thought that the heavily factual nature of a Fourth Amendment claim counseled against exhaustion. But our

case law points in exactly the opposite direction. *See Volvo GM*, 118 F.3d at 212 (agreeing with the OFCCP that claims against it "will involve a 'fact-specific assessment that cannot be undertaken until the administrative process is completed'"); *id.* at 214 (same); *id.* at 215 (same); *Thetford,* 907 F.2d at 448 (noting "the readily apparent benefits" to a reviewing court of having both "a fully developed administrative record" and the agency's application and interpretation of its regulations and governing law).