**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOHN R. WILT,

*Plaintiff-Appellant,*

v.

JAMES STEWART GILMORE, Governor of Virginia; CLAUDE WILLIAMS, Major General, the Adjutant General of Virginia; CARROLL THACKSTON, the Major General, the former Adjutant General of Virginia; THE VIRGINIA ARMY NATIONAL GUARD; RICHARD BOPP, Lieutenant Colonel, Army National Guard; ELMER J. MASON, Colonel,

*Defendants-Appellees.*

No. 02-1117

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-01-408-3)

Argued: January 23, 2003

Decided: April 10, 2003

Before WILLIAMS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part, reversed in part, and remanded with instructions by
unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** William Gilbert Shields, Sr., WILLIAM SHIELDS & ASSOCIATES, Richmond, Virginia, for Appellant. Captain Steven Douglas Bryant, Litigation Division, Military Personnel Branch, UNITED STATES ARMY, Arlington, Virginia, for Appellees. **ON BRIEF:** LTC Tara A. Osborne, Captain Toby D. McCoy, Litigation Division, Military Personnel Branch, UNITED STATES ARMY, Arlington, Virginia; Paul J. McNulty, United States Attorney, Debra J. Prillaman, Assistant United States Attorney, Richmond, Virginia; Jerry W. Kilgore, Attorney General of Virginia, Guy Winston Horsley, Senior Assistant Attorney General, James C. Stuchell, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

John Wilt, formerly a Captain in the Virginia Army National Guard (the Guard), appeals from the district court's order dismissing his claim under 42 U.S.C.A. § 2000d (West 1994), granting summary judgment to the defendants on his claim under the Administrative Procedure Act (APA), 5 U.S.C.A. § 702 *et seq.* (West 1996), and denying his "motion to correct administrative record." We affirm the district court's dismissal of Wilt's claims under § 2000d, reverse its award of summary judgment to the Guard on his APA claim, and remand with instructions that the APA claim be dismissed without prejudice.

### I.

Wilt was a full-time employee of the Guard as a counter-drug operations officer, and was also the commander of a special forces opera-

tional detachment. In 1997, Wilt provided information to Guard officials investigating a complaint of racial discrimination by a fellow guardsman, Master Sergeant Kenneth Vance, a black non-commissioned officer under Wilt's command. Wilt told investigators that black guardsmen were the subject of racial discrimination within the Guard. At around the same time, Wilt also gave information to the Army Task Force on Extremist Activity, which was investigating the level of racist and extremist activity within the United States military.

At least three separate investigations were subsequently initiated that involved Wilt in one way or another. Two of the investigations were initiated pursuant to Army Regulation (AR) 15-6. The first of these concerned an incident in which 40 pounds of C-4 explosive were allegedly mislaid or disappeared while under Wilt's supervision. The second investigation under AR 15-6 was an investigation into Vance's death from a heart attack during a physical fitness test. Although this investigation did not focus on Wilt, he had been one of the officers present when the test was conducted. Finally, the Inspector General of the Army initiated a separate investigation into the incident involving the C-4.

In May of 1997, Wilt was relieved of his duties as a counter-drug operations officer and assigned to work with the Chief of Staff of the Guard, Colonel James Holden. Wilt's new job allegedly consisted of "doing menial clerical work." (J.A. at 12.) After his reassignment, Holden ordered Wilt not to attend an annual two-week training, which resulted in Wilt's parachute-jump qualification lapsing.

In September or October of 1997, Wilt received two official Letters of Reprimand. (J.A. at 43-44.) One of these letters charged Wilt with negligence and inappropriate handling of munitions in the C-4 incident; the other charged him with negligence in Vance's death. In December of 1997, Wilt was again reassigned, returning to his original job as a counter-drug operations officer. In January of 1998, Wilt was removed as the commander of his special forces detachment and reassigned to an infantry battalion.

In March of 1998, the Inspector General concluded its investigation of Wilt. General Thackston initiated an action to strip Wilt of his commission, citing the C-4 incident, disrespect of a superior officer,

then Major Richard Bopp, and excessive use of alcohol and drinking with subordinates. On April 4, 2000, a "Withdrawal of Federal Recognition Board" was convened, and after a hearing, it recommended that Wilt be stripped of his commission. The Board's recommendation was subsequently adopted by the National Guard Bureau, and Wilt was stripped of his military commission.

II.

On July 11, 2001, Wilt filed a three-count civil action in the United States District Court for the Eastern District of Virginia.[1] He alleged violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000d (Count I), the APA, 5 U.S.C.A. § 702 *et seq.* (Count II), and 42 U.S.C.A. § 1985 (West 1994) (Count III). In a separate "Remedies" section of his complaint, Wilt requested several forms of relief. First, he sought a writ of mandamus requiring the "Adjutant General of Virginia and all those persons acting in concert or cooperation with him to enforce and implement their own regulations." (J.A. at 18.) Second, he sought a wide-ranging order requiring the Appellees to rescind the Federal Recognition Board's action of April 4, 2000, to note officially in his military record that the Letters of Reprimand he received were without foundation, to rescind the adverse efficiency report for the period August 1, 1996, through July 31, 1997, and to "cleanse" his military record of "any and all detrimental material that has accumulated there since December 1, 1996." (J.A. at 18-19.) Third, Wilt sought a permanent injunction prohibiting the defendants from interfering with his exercise of his constitutional rights. Finally,

---

[1]Wilt named as defendants in his complaint James Gilmore, then Governor of Virginia, Major General Claude Williams, then Adjutant General of Virginia, Major General (retired) Carroll Thackston, former Adjutant General of Virginia, the Guard, Lieutenant Colonel Richard Bopp, Colonel Elmer J. Mason, John Ashcroft, Attorney General of the United States, and Kenneth J. Melson, U.S. Attorney for Virginia. After Appellees filed their answer in the district court, Wilt voluntarily dismissed his claims under § 2000d against the federal defendants and his claims under § 1985 against all defendants. In addition, the district court granted the federal defendants' uncontested motion to dismiss Attorney General Ashcroft and Melson as defendants. Those defendants against whom this action proceeded, Appellees here, shall be referred to simply as "Appellees."

Wilt sought compensatory damages in the amount of $2,500,000, punitive damages in the amount of $5,000,000, plus costs and attorneys' fees.[2]

Appellees moved to dismiss Wilt's claims in the district court, or in the alternative, for summary judgment. The district court granted the motion to dismiss as to Wilt's § 2000d claims, and granted summary judgment to Appellees on the APA claim. The district court also denied Wilt's earlier-filed motion to correct the administrative record. This appeal followed.

### III.

On appeal, Wilt challenges both the district court's dismissal of his § 2000d claims and its grant of summary judgment to Appellees on his APA claims. We address these contentions in turn.

### A.

The district court concluded that Wilt's claims under § 2000d were nonjusticiable because he had not presented them to the Army Board for Correction of Military Records (ABCMR), and accordingly dismissed them. *See* 10 U.S.C.A. § 1552(a) (establishing the ABCMR and authorizing it to "correct an error or remove an injustice" in a military record). In *Williams v. Wilson*, 762 F.2d 357 (4th Cir. 1985), this court adopted a widely accepted test for determining whether a federal court should review an internal military decision. A service member seeking to sue the military over an internal military decision must demonstrate two things: "'(a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures.'" *Id.* at 359 (quoting *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971)). Thus, in *Williams*,

---

[2]Wilt did not specify in his complaint which forms of relief he sought for which of the three counts in the complaint. In its order and memorandum opinion dismissing Wilt's § 2000d claims and granting summary judgment to Appellees on his APA claims, the district court assumed that Wilt sought each of the remedies he identified as to each count of his complaint. We make the same assumption.

we concluded that a service member who sought to challenge National Guard proceedings that reviewed whether he should be involuntarily separated from the West Virginia National Guard was subject to the requirement that he exhaust his claim in the ABCMR; absent exhaustion of intraservice remedies, the claim presented "a nonjusticiable military controversy." *Id.* at 360; *see also Guerra v. Scruggs*, 942 F.2d 270, 277 (4th Cir. 1991) (noting that exhaustion of ABCMR remedies is required before a service member may proceed in federal court against the military).

Wilt admits that he has not exhausted his claims for injunctive relief before the ABCMR. He contends, nevertheless, that he should not be required to exhaust the remedies available to him in the ABCMR because to do so would be futile — he will not, he contends (without substantial elaboration), be able to achieve a satisfactory result in the ABCMR. However, Wilt concedes in his brief that his claim is currently *pending* before the ABCMR. We decline to presume that the ABCMR will not properly evaluate Wilt's claims.

Wilt also asserts that because the ABCMR does not have the power to grant damages, his claims should not be subject to the requirement that he exhaust intraservice remedies. We addressed similar contentions in both *Williams* and *Guerra*, both cases in which some, but not all, of the relief sought could be granted by the ABCMR. In *Guerra*, we noted that "the [ABCMR]'s inability to grant the plaintiff full relief [is] not dispositive on the issue of exhaustion." *Guerra*, 942 F.2d at 277. Rather, we held that where "the consequences of delay for [the service member] — postponement of his ability to obtain damages" — were "outweighed by the considerations of efficiency and agency expertise," exhaustion of intraservice remedies should be required. *Id.* Here, as in *Guerra*, the consequences of delay for Wilt are outweighed by considerations of efficiency and agency expertise. Accordingly, we affirm the district court's dismissal of those claims as nonjusticiable.[3]

---

[3]In *Williams*, we made clear that the proper course for a court considering claims that are nonjusticiable because intraservice remedies have not been exhausted is to dismiss without prejudice. *See Williams*, 762 F.2d at 360 ("The proper course of action for the district court would

## B.

The district court granted summary judgment to Appellees on Wilt's APA claim, in which he alleged that the Federal Recognition Board failed to follow National Guard regulations before and during his hearing. *See* 5 U.S.C.A. § 706(2) (authorizing federal courts to set aside agency action not in compliance with procedure required by law). In *Williams*, we agreed with the First Circuit that "'[t]he ABCMR is better equipped than the courts'" to resolve a claim that a selective retention board failed to follow National Guard regulations, *Williams*, 762 F.2d at 360 (quoting *Navas v. Vales*, 752 F.2d 765, 769 (1st Cir. 1985), and thus, that exhaustion of intraservice remedies was required. Wilt argues, however, that the Supreme Court's decision in *Darby v. Cisneros*, 509 U.S. 137, 146-47, 153-54 (1999) (holding that plaintiffs are not required to exhaust administrative remedies before seeking review under the APA where no statute or agency rule requires exhaustion before judicial review) indicates that he need not exhaust his ABCMR remedies prior to bringing his APA claim in federal court. We conclude that we need not address *Darby*'s impact (if any) on our rule requiring exhaustion of military remedies. Because Wilt has a claim pending before the ABCMR, on which a result favorable to him could render his APA claim largely moot, consideration of the claim in federal court at this point would be imprudent. We therefore reverse the award of summary judgment to Appellees and remand with instructions to dismiss Wilt's APA claim without prejudice.[4]

have been to dismiss Williams' claim without prejudice as premature."). Although the district court did not specify whether it dismissed with or without prejudice to Wilt's ability to refile his claims after exhausting his ABCMR remedies, we assume, in line with our precedent, that the dismissal was without prejudice.

In addition to addressing the exhaustion bar to Wilt's claims, the district court concluded that Wilt's claims for monetary damages were barred by the doctrine of intramilitary immunity. *See generally Feres v. United States*, 340 U.S. 135 (1950). Because we affirm the district court's dismissal of Wilt's claims, we decline to address whether intramilitary immunity bars any of Wilt's claims.

[4]In light of our direction that Wilt's APA claim be dismissed without prejudice, and because the issue may not be relevant in any related subsequent proceedings, we do not address the district court's denial of Wilt's motion to correct the administrative record.

IV.

For the reasons stated above, the district court's dismissal of Wilt's claims pursuant to § 2000d is affirmed. The district court's award of summary judgment to Appellees on the APA claims is reversed and remanded with instructions to dismiss those claims without prejudice.

*AFFIRMED IN PART, REVERSED IN PART,*
*AND REMANDED WITH INSTRUCTIONS*