**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-20295

MAXXIM MEDICAL, INC.,

Plaintiff-Appellee,

versus

MARX MICHELSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(H-99-0460)

June 4, 1999

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee Maxxim Medical, Inc. ("Maxxim") sued its former employee, Defendant-Appellant Mark Michelson, in federal district court in California and in state court in Fort Bend County, Texas, seeking an injunction to prohibit him from working for a competitor. Maxxim grounded its complaint in a non-competition confidentiality agreement contained in a stock option contract. Michelson removed the Texas suit to the district court for the Southern District of Texas which, after determining the applicability of California law to the non-competition agreement,

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found that it violated California law prohibiting such agreements. Nevertheless, the court crafted an injunction prohibiting Michelson "for one year from his resignation date from working for a direct competitor of Maxxim in any of the product lines he was associated with at Maxxim during the last two years" he worked there. The district court based its decision on an <u>Erie</u> guess that, if faced with the question, the courts of California would adopt the "inevitable disclosure" theory of trade secrets law[1] and that Michelson's employment by a competitor of Maxxim would inevitably lead to disclosure of trade secrets. We granted Michelson's motion for an expedited appeal of the district court's injunction.

## I. Appellate Jurisdiction

As a general rule, we do not have jurisdiction to review interlocutory orders. Under 28 U.S.C. § 1292(a)(1), however, the grant of a temporary injunction is an appealable interlocutory order. Moreover, under the collateral order doctrine, an interlocutory order is immediately appealable if it "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from final judgment."[2]

The parties do not dispute our jurisdiction to review the district court's grant of the temporary injunction, but do dispute

---

[1]See <u>PepsiCo v. Redmond</u>, 54 F.3d 1262 (7th Cir. 1995).

[2]<u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 468 (1978).

2

whether we have pendent jurisdiction to review that court's interlocutory orders regarding, inter alia, personal jurisdiction. Michelson cites Magnolia Marine Transportation Company v. LaPlace Coin Corporation[3] for the proposition that we do have such pendent jurisdiction because § 1292(i) grants subject matter jurisdiction over issues that "establish the basis" for the grant of a preliminary injunction. He also contends that we have jurisdiction over these orders by virtue of the collateral order doctrine.

Maxxim argues in response that Michelson's reliance on Magnolia Marine is misplaced, as the jurisdictional standard articulated in that case has been replaced by the one set forth in Swint v. Chambers County Commissioners.[4] Following the court's decision in Swint, we noted, in Thornton v. General Motors Corp.,[5] that "pendent appellate jurisdiction is only proper in rare and unique circumstances where a final appealable order is `inextricably intertwined' with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order."[6]

Maxxim advances that the district court's personal jurisdiction and other interlocutory rulings are not inextricably intertwined — as, for example, would be an injunction against

---

[3]964 F.2d 1571, 1580 (5th Cir. 1992).

[4]514 U.S. 35 (1995).

[5]136 F.3d 450 (5th Cir. 1998).

[6]Id. at 453-54.

3

proceeding in a court under motion to transfer venue to that court[7] ── and that review of those orders is not necessary to ensure meaningful review of the injunction order. Maxxim also contends that none of the other orders satisfies the requisites of the collateral order doctrine.[8]

Although we recognize that, as a general rule, jurisdictional determinations by the district court are not immediately appealable as collateral orders or otherwise, there are exceptions. As noted above, we recognized that proposition recently in <u>Thornton</u>. We conclude that the instant case ── linking a clearly appealable interlocutory order granting a preliminary injunction with the question of the court's ruling that it had jurisdiction in personam over the person sought to be enjoined ── presents such an exception. As issued, the injunction in this case has the very real effect of prohibiting Michelson from pursuing his livelihood. Even if the compensation that he does not receive during the efficacy of the injunction (plus interest and damages as well) could be reimbursed by Maxxim and thus not be deemed irreparable injury, the same cannot be said of other effects of the injunction:

---

[7]<u>Maryland v. Atlantic Aviation Corp</u>., 361 F.2d 873 (3rd Cir. 1966).

[8]<u>See</u> <u>Van Cauwenberghe v. Biard</u>, 486 U.S. 517, 527 (1988) ("the denial of a claim of lack of jurisdiction is not an immediately appealable collateral order"); <u>Rein v. Socialist Peoples' Libyan Arab Jamahariya</u>, 162 F.3d 748, 756 (2d Cir. 1998) ("denials of motions to dismiss for jurisdictional reasons cannot ordinarily be the subject of interlocutory appeals"); <u>Louisiana Ice Cream Distribs. v. Carvel Corp</u>., 821 F.2d 1031, 1033 (5th Cir. 1987) (holding orders regarding venue and transfer are not immediately appealable).

4

The company for whom Michelson went to work following resignation from Maxxim will not necessarily hold open that or any position for Michelson; and the injurious effects to Michelson and his family from the abrupt interruption of his stream of earned income are such that virtually no amount of money could repair them. We are satisfied that, under the particular facts of this case, the issue of personal jurisdiction is so "inextricably intertwined" with the granting of the injunction, and that ordinary channels of appellate review would be so ineffectual, that even under Swint and Thornton, we have — and must exercise — appellate jurisdiction to review the district court's determination that it had personal jurisdiction over Michelson.[9]

## II.  Personal Jurisdiction

A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant;  and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States

---

[9]See Burlington Indus. v. Maples Indus., 97 F.3d 1100, 1101 (8th Cir. 1996) (holding in trade secret misappropriation case that court had appellate pendent jurisdiction to review personal jurisdiction determination underlying appealable preliminary injunction order); see also NationsBank Corp. v. Herman, No. 98-1127, 1999 WL 187239, at * 2-3 (4th Cir. Apr. 6, 1999) (holding court had appellate pendent jurisdiction over denial of motion for summary judgment based on plaintiff's alleged failure to exhaust administrative remedies because "if [plaintiff] must exhaust . . . ., the preliminary injunction was improper."); Thornton, 136 F.3d at 453-454 (holding court had appellate pendent jurisdiction to review attorney's fees sanction because it was "inextricably intertwined" with immediately appealable suspension sanction).

Constitution.[10]    In  the  present  case,  because  Texas  long-arm statute[10] extends  to  the  limits  of  federal  due  process,  these  two steps collapse into one.[11]

The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and  protections  of  the  forum  state  by  establishing  "minimum contacts"  with  the  forum  state;  and  (2)  the  exercise  of jurisdiction  over  that  defendant  does  not  offend  "traditional notions  of  fair  play  and  substantial  justice."[12]    The  defendant, through  his  conduct  and  connection  with  the  forum  state,  should reasonably anticipate being haled into court in the forum state.[13]

As  Maxxim  alleges  its  suit  arises  from  or  relates  to  the defendant's  contact  with  the  forum  state,  we  are  concerned  with "specific jurisdiction."[14]  Although a single act by the defendant directed  at  the  forum  state  can  be  enough  to  confer  personal

---

[10]See, e.g., Ham, 4 F.3d at 415;  Irving v. Owens-Corning Fiberglas Corp., 864 F.2d 383, 385 (5th Cir. 1989).

[10]Tex. Civ. Prac. & Rem. Code §§ 17.041-045 (Vernon 1986).

[11]Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990); Ham, 4 F.3d at 415 & n.7.

[12]International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

[13]World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297(1980).

[14]See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984); Bearry v. Beech Aircraft Corp., 818 F.2d 370, 374 (5th Cir. 1987).

6

jurisdiction if that act gives rise to the claim being asserted,[15] entering into a contract with an out-of-state party, standing alone, is not sufficient to establish minimum contacts.[16]  Rather, in a breach of contract case, to determine whether a party purposefully availed himself of a forum, a court must evaluate "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing...."[17]

In holding that it had personal jurisdiction over Michelson, the district court relied on the facts that:  Michelson (1) entered into an employment agreement with a Texas-based company while living in California, (2) signed stock option agreements with a Texas employer while he was living in California, which agreement specified application of Texas substantive law but not jurisdiction or venue, (3) made sales trips to Texas at the behest of employer, (4) supervised personnel whose territory included but a sliver of far west Texas —— namely, El Paso, Texas, (5) annually attended Maxxim's mandatory national sales training meeting in Texas, (6) made mandatory visits to Maxxim's assembly plants in Texas, and (7) made telephone calls to and from Maxxim's Texas headquarters.

The district court correctly held that these contacts were not sufficiently "continuous and systematic" to justify the exercise of

---

[15]Ham, 4 F.3d at 415-16; Dalton v. R & W Marine, Inc., 897 F.2d 1359, 1361 (5th Cir. 1990).

[16]Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478-79 (1985).

[17]Id. at 479.

7

general jurisdiction over Michelson,[18] yet concluded — curiously — that they were sufficient to confer specific jurisdiction over him. As indicated above, to establish that the court has specific jurisdiction over Michelson, Maxxim must show that Michelson undertook some activity in, or purposefully directed some act at, Texas, <u>and that its claims arise out of or relate to those acts</u>.[19] Maxxim, however, has failed to demonstrate that any of Michelson's alleged contacts has even the slightest nexus with its unenforceable non-competition claim or its misappropriation of trade secrets claim. Accordingly, those contacts cannot serve as the basis for an exercise of specific jurisdiction over Michelson. As Maxxim can point to no other link between Michelson and Texas that is related to its claims against him, jurisdiction is not proper.

**III. Conclusion**

We conclude that the district court reversibly erred as a matter of law in deciding that it had personal jurisdiction over Michelson. As such, the preliminary injunction issued by the court is a nullity. We therefore reverse the district court, vacate and dissolve the preliminary injunction issued by that court, and remand this case to that court with instructions to dismiss Maxxim's action, without prejudice for lack of personal jurisdiction.

---

[18]<u>See</u> <u>Bullion v. Gillespie</u>, 895 F.2d 213, 216 (5th Cir. 1990).

[19]<u>Felch v. Transportes Lar-Mex SA de CV</u>, 92 F.3d 320, 325 (5th Cir. 1996).

8

REVERSED; PRELIMINARY INJUNCTION VACATED and DISSOLVED; REMANDED with instructions.