**Gary M. BOWMAN Plaintiff,**

v.

**R.L. BROWNLEE, Acting Secretary of the Army Defendant.**

No. CIV.A.7:04 CV 00329.

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 7, 2004.

Gill Paul Beck, U.S. Dept. of Justice, Middle Dist. N.C., Greensboro, NC, for Defendant.

Gary Michael Bowman, Roanoke, V.A, pro se.

## OPINION

CONRAD, District Judge.

Gary M. Bowman, Esq. brings this action against R.L. Brownlee, Acting Sec-

retary of the Army (the "Secretary"), alleging violations of the Administrative Procedure Act, 5 U.S.C. § 702 *et seq.,* and his constitutional rights to due process and equal protection. On July 19, 2004, Mr. Bowman filed a motion for summary judgment. The Secretary subsequently moved to dismiss the complaint for lack of subject matter jurisdiction on August 16, 2004. The Secretary also moved to strike an affidavit filed by Mr. Bowman The court has been advised that the parties do not desire a hearing on the se pending motions. After carefully considering all of the arguments set forth in the parties' briefs, the court concludes that the Secretary's motion to dismiss must be granted. Having found that the court lacks subject matter jurisdiction over this action, the plaintiff's motion for summary judgment and the defendant's motion to strike will be dismissed as moot.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Bowman is a Reserve Component Army Officer and a member of the Judge Advocate General's Corps. From January 17, 2003 to September 22, 2003, Mr. Bowman served on full-time active duty. While on active duty, Mr. Bowman performed legal services on behalf of the Army at Fort Eustis, Virginia.

In May 2003, the Staff Judge Advocate for the United States Army Transportation Center and Fort Eustis advised Mr. Bowman's supervisory attorney, Colonel Robert Herring, Jr., that Mr. Bowman had performed work on behalf of private clients while serving on active duty, in violation of Army regulation.[1] Colonel Herring subsequently informed Mr. Bow-

---

1. Specifically, the Staff Judge Advocate found a copy of a letter that Mr. Bowman had written to the Montgomery County General District Court.

man that he was prohibited from practicing law on behalf of any client other than the Army while serving on active duty.[2]

In August 2003, Colonel Herring was again advised that Mr. Bowman had engaged in the private practice of law. The Staff Judge Advocate found a fax confirmation sheet, which indicated that Mr. Bowman attempted to fax a letter to opposing counsel in one of his private cases. The Staff Judge Advocate reported the incident to Colonel Daniel McCallum. Colonel McCallum directed Colonel Herring to conduct a preliminary screening inquiry to determine whether the Staff Judge Advocate's allegations were credible. Colonel Herring prepared a preliminary report, which indicated that Mr. Bowman engaged in the outside practice of law in August 2003, despite being told to cease such activities in May 2003. Colonel Herring also found that Mr. Bowman used government equipment to communicate with opposing counsel, in violation of Joint Ethics Regulation 5500.7–R. Nonetheless, Colonel Herring concluded that Mr. Bowman's actions did not constitute a reportable ethical violation of the professional responsibility rules contained in Army Regulation 27–26. After reviewing Colonel Herring's report, Brigadier General Brian Geehan, the Commanding General of the U.S. Army Transportation Center and Fort Eustis, issued a letter of reprimand to Mr. Bowman for misusing

government equipment and violating Army personnel policy while serving on active duty. Mr. Bowman submitted a rebuttal to the letter of reprimand on October 20, 2003. After considering the rebuttal, Brigadier General Geehan directed the Adjutant General of the U.S. Army Transportation Center and Fort Eustis to file the letter of reprimand in Mr. Bowman's official military personnel file. Mr. Bowman was notified of the filing decision on January 3, 2004.

On March 28, 2004, Mr. Bowman filed an appeal with the Department of the Army Suitability Evaluation Board ("DA-SEB"), requesting the removal of the letter of reprimand from his official file. The DASEB denied plaintiff's appeal on July 12, 2004. On June 21, 2004, Mr. Bowman applied to the Army Board for Correction of Military Records ("ABCMR"). Mr. Bowman's application is currently pending before the ABCMR. In an affidavit dated July 20, 2004, the director of the ABCMR stated that Mr. Bowman's application would be acted upon within ten months.

On June 22, 2004, Mr. Bowman commenced this action against the Secretary. The following day, Mr. Bowman filed a motion for temporary restraining order or preliminary injunction. Mr. Bowman sought to prohibit the Secretary from enforcing the policy prohibiting the outside practice of law. Mr. Bowman also sought to prohibit the Secretary from disseminat-

---

**2.** Written notice of the policy prohibiting the private practice of law without prior approval from The Judge Advocate General is published annually in JAG Pub. 1–1, a pamphlet that includes a personnel directory and policies regarding personnel matters within the Judge Advocate General's Corps. Paragraph 10–5 of the pamphlet states that judge advocates and civilian attorneys in the Judge Advocate Legal Services "may not engage in the outside practice of law or appear as counsel in civilian courts, tribunals, hearings, or boards ...

without first obtaining the written approval of [The Judge Advocate General]." Paragraph 10–5 references Army Regulation 27–1. This regulation states that "[a]n attorney of the [Judge Advocate Legal Services] will not engage in private law practice without prior written approval of [The Judge Advocate General]." The regulation further explains that this requirement "does not apply to [Reserve Component] members of the [Judge Advocate Legal Services] unless they are ordered to active duty for more than 30 consecutive days." See AR 27–1, ¶ 4–3c.

ing the letter of reprimand to the Army's Promotion List Selection Board. The court held a hearing on July 7, 2004 and ultimately denied the plaintiff's request for injunctive relief. Mr. Bowman filed an interlocutory appeal of the court's order with the United States Court of Appeals for the Fourth Circuit. On August 10, 2004, the Fourth Circuit entered an order denying Mr. Bowman's request for injunctive relief. The case is currently before this court on the parties' pending motions.

## ANALYSIS

The Secretary's motion to dismiss advances two arguments in support of the contention that the court is without subject matter jurisdiction. First, the Secretary contends that Mr. Bowman's claims are nonjusticiable since Mr. Bowman failed to exhaust his administrative remedies prior to filing suit in federal court. Second, the Secretary argues that Mr. Bowman failed to affirmatively plead jurisdiction.

When subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving that subject matter jurisdiction exists in federal court. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). In deciding whether jurisdiction exists, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). The court

should grant a Rule 12(b)(1) motion to dismiss when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

■ The Secretary first argues that judicial review is inappropriate in this case because Mr. Bowman has not exhausted all of his administrative remedies. The Secretary cites to the Fourth Circuit's decision in *Williams v. Wilson*, 762 F.2d 357 (4th Cir.1985), in which the court adopted the test set forth in *Mindes v. Seaman*[3] for determining whether a court should review a military decision. One of the test's threshold requirements is that the plaintiff must have exhausted all "available intraservice corrective measures."[4] *See Williams*, 762 F.2d at 359–360 (holding that the plaintiff's failure to appeal to the ABCMR made his federal claim a nonjusticiable military controversy). The Secretary argues that the exhaustion requirement has not been met in this case, because Mr. Bowman's appeal to the ABCMR is still pending. As the Secretary explains, the ABCMR has statutory authority to "correct any military record" when "necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a). Furthermore, "[the ABCMR] has authority to consider claims of constitutional, statutory, and regulatory violations." *Guerra v. Scruggs*, 942 F.2d 270, 273 (4th Cir.1991) (citing to 32 C.F.R. § 581.3(c)(5)(v)).[5] The Secretary empha-

---

**3.** 453 F.2d 197 (5th Cir.1971).

**4.** The other threshold requirement is that the plaintiff must have alleged a deprivation of a constitutional right, or a violation of military statutes or regulations. If these threshold requirements are met, the court must then balance four policy considerations: (1) the nature and strength of the plaintiff's challenge to the military determination; (2) the potential injury to the plaintiff if review is refused;

(3) the type and degree of anticipated interference with the military function; and (4) the extent to which the exercise of military expertise or discretion is involved. *Williams*, 762 F.2d at 359.

**5.** The cited regulation was amended in 2000. 65 Fed.Reg. 17440 (2000). The earlier version of the regulation included a subsection pertaining to the process of applying to the ABCMR. This subsection required the

sizes that by seeking judicial review before exhausting his appeal to the ABCMR, Mr. Bowman is attempting to improperly side-step the mechanism established by Congress for the correction of military records.

In response, Mr. Bowman acknowledges that his appeal to the ABCMR is still pending. Nonetheless, Mr. Bowman argues that this court may review an agency decision under the Administrative Procedure Act ("APA"), even if all administrative remedies have not been exhausted.[6] In support of this argument, the plaintiff cites to the United States Supreme Court's decision in *Darby v. Cisneros*, 509 U.S. 137, 146–147, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993), in which the Court held that plaintiffs are not required to exhaust administrative remedies before seeking review under the APA, if no statute or agency rule requires exhaustion. However, since *Darby* involved the interpretation of the APA in the context of an administrative ruling by the Department of Housing and Urban Development, courts across the country have reached different conclusions as to whether *Darby* extends to cases involving military decisions. *Compare Crane v. Sec'y of the Army*, 92 F.Supp.2d 155 (W.D.N.Y.2000) (refusing to recognize a military exception to *Darby* ) *with Saad*

*v. Dalton*, 846 F.Supp. 889 (S.D.Cal.1994) (granting a military exception to *Darby* ).

■ This precise issue surrounding the *Darby* decision arose in *Wilt v. Gilmore*, 62 Fed.Appx. 484 (4th Cir.2003), an unpublished decision by the Fourth Circuit. In *Wilt*, the Fourth Circuit affirmed the district court's conclusion that the plaintiff's Title VI claims were nonjusticiable, since he had not presented the claims to the ABCMR. *Wilt*, 62 Fed.Appx. at 487. As for the plaintiff's APA claim, the Fourth Circuit declined to address the impact of *Darby* on the court's traditional rule requiring exhaustion of military remedies. *Id.* at 487. Nonethless, the court held that the plaintiff's APA claim was nonjusticiable, since his appeal to the ABCMR was still pending and a favorable result "could render his APA claim largely moot." *Id.* Since considering the APA claim in federal court would be "imprudent," the Fourth Circuit remanded the plaintiff's APA claim to the district court with instructions to dismiss the claim without prejudice. *Id.*

Given the factual similarities in this case, the court finds the Fourth Circuit's decision in *Wilt* to be particularly instructive.[7] Mr. Bowman's appeal to the ABCMR is still pending. The Director of the ABCMR estimates that the Board will issue a final decision within the next eight or

---

ABCMR to provide a written statement of the grounds for denying an application, "including the applicant's claims of constitutional, statutory and/or regulatory violations rejected...." 32 C.F.R. § 581.3 (1999), *amended by* 32 C.F.R. § 581.3 (2000). As part of the 2000 amendments, the subsection was eliminated from the regulation and transferred to a Department of the Army Pamphlet. 65 Fed.Reg. 17440 (2000).

6. In his response to the Secretary's motion to dismiss, Mr. Bowman acknowledges that the ABCMR's willingness to complete his case within eight months is "satisfactory ... and will prevent [him] from suffering injury." Nonetheless, Mr. Bowman contends that he

will "not concede that this Court has the authority to dismiss the case due to [his] failure to exhaust administrative remedies."

7. Even though unpublished decisions are not binding, 4th Circuit Local Rule 36(c) does not prohibit the citation of unpublished decisions. Such decisions can be instructive and persuasive. See *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1009 at n. 1 (4th Cir.1996) ("Although the opinion in *Baker Hospital* is unpublished and does not constitute precedential authority pursuant to Local Rule 36(c), we find its reasoning persuasive.")

nine months. Since a favorable result from the ABCMR could render Mr. Bowman's APA claim largely moot, the court concludes that it would be imprudent to review the APA claim at this time.

■ Mr. Bowman next argues that he is not required to exhaust his administrative remedies before challenging the constitutionality of the Army regulations. This argument fails under the Fourth Circuit's "consistent and unambiguous line of cases rejecting the contention that constitutional claims should be exempt from exhaustion requirements." *Nationsbank Corp. v. Herman,* 174 F.3d 424, 429 (4th Cir.1999) (citing to *Volvo GM Heavy Truck Corp. v. Dept. of Labor,* 118 F.3d 205, 215 (4th Cir.1997)); *Thetford Properties IV L.P. v. Dept. of Housing & Urban Dev.,* 907 F.2d 445, 448 (4th Cir.1990); *Guerra,* 942 F.2d at 276)). For instance, in *Guerra v. Scruggs,* 942 F.2d at 271, the plaintiff sought a temporary restraining order and a preliminary injunction to prevent his discharge from the Army, alleging that the Army's discharge procedures violated his rights to due process and equal protection. *Id.* The Fourth Circuit held that the plaintiff had no likelihood of success on the merits of his case, because he had failed to exhaust his administrative remedies. *Id.* at 277. The court emphasized that the doctrine requiring exhaustion of administrative remedies "has been long established," and that it "applies to cases like the present one where constitutional claims are made." *Id.* at 276.

Mr. Bowman also contends that there is no intra-agency forum in which he could raise constitutional issues. However, as previously stated, the ABCMR has the authority to consider claims based on statutory, regulatory, or *constitutional* violations. *See Guerra,* 942 F.2d at 273. *See also Bois v. Marsh,* 801 F.2d 462, 467 (D.C.Cir.1986) (noting that the plaintiff's claims based on the Constitution, executive orders and Army Regulations "could readily have been made within the framework of [the ABCMR]," because the ABCMR may consider claims based on statutory, regulatory, and/or constitutional violations).

Since Mr. Bowman has failed to exhaust his administrative remedies, the court concludes that it lacks jurisdiction over his current claims.[8] Therefore, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court will grant the Secretary's motion to dismiss. The plaintiff's claims are dismissed without prejudice.[9]

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff and to all counsel of record.

### ORDER

*For the reasons stated in a Memorandum Opinion filed this day, it is hereby*

### ORDERED

as follows:

1. The defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED.** The plaintiff's claims against the defendant shall be **DISMISSED** without prejudice.

2. *The defendant's motion to strike the plaintiff's affidavit and the plaintiff's*

---

8. Since the court finds that the plaintiff has not established subject matter jurisdiction, the court does not need to address the defendant's second contention in support of his motion—that the plaintiff has failed to affirmatively plead jurisdiction.

9. Having found that the court lacks subject matter jurisdiction and that the defendant's motion to dismiss should be granted, the plaintiff's motion for summary judgment and the defendant's motion to strike the plaintiff's affidavit will be dismissed as moot.

*motion for summary judgment are DIS-MISSED as moot.*

*The Clerk is directed to strike the case from the active docket of this court, and to send a certified copy of this Order and the attached Memorandum Opinion to the plaintiff and to all counsel of record.*